ARCHER *v.* SPENCER.

In an action on a promissory note brought by an assignee, the declaration should state the assignment to be made on the note under the hand of the assignor.

ERROR to the *Allen* Circuit Court.

STEVENS, J.—*Spencer* declared against *Archer* in debt. The averments of the declaration necessary to be noticed are,—That on, &c. at, &c. *Archer* made his due bill in writing, &c. by which he promised to pay one *Edsall* 198 dollars and 72 cents, &c.; that afterwards, on, &c. at, &c. and before said money was paid, *Edsall* "assigned said due bill to said *Spencer,* and then and there by said assignment, transferred and appointed said sum of money in said due bill specified, to be paid to the said *Spencer,* and then and there· delivered the said due bill, so assigned as aforesaid, to said ·*Spencer*," &c. The defendant demurred. The demurrer was overruled, and judgment rendered for the plaintiff.

The objection raised is, that *Spencer* is not legally ·entitled to bring a suit on the above instrument in his own name, under the assignment which appears of record, neither at common law nor under our statute. At common law,· the due bill in question is not negotiable, and no assignment of it could transfer the legal interest to the assignee. It would only vest in him an equitable interest, and he would have to bring suit in the name of the original payee, for his use, &c. Under our

statute such instruments of writing are made negotiable, and the assignee can maintain a suit in his own name, if they are transferred in a particular way and manner. The words of the statute are "shall be, and the same are hereby made assignable, by endorsement thereon, under the hand or hands of such person or persons, to whom the same shall or may be made due or payable, &c.; and such assignee or assignees may bring suit thereon in his, her, or their own name or names," &c. The statute expressly requires the assignment to be on the instrument itself, and under the hand of the payee, and not in any other way or manner.

It is a principle which is perhaps well settled, that when a new right is introduced by statute, the party claiming under it is confined to the provisions of the statute; unless the right existed at common law, and the new right given by the statute is cumulative only. The right claimed and exerted by the plaintiff in the Court below, in this case, does not exist at common law; it is purely statutory, and the party claiming under it must bring himself within the statute. This he has not done. His declaration should have shown that the assignment was upon the instrument itself, and that it was under the hand of the payee who was the assignor: these averments are material, and being omitted, the plaintiff must fail.

*Per Curiam.*—The judgment is reversed with costs.

*H. Cooper*, for the plaintiff.

*G. H. Dunn* and *D. H. Colerick*, for the defendant.